To disprove the plea of *plene administravit*, pleaded by an executor defendant, the plaintiff offered in evidence a lease duly executed to the testator for a lot of ground for 99 years, at annual rent—*Held*, that it might be read in evidence, although it had not been returned in the inventory to the Orphans' Court, and although no notice had been given to the defendant that it was intended to be offered in evidence, to show a fraud or want of truth in the inventory.

DUKEHART's EX'RS. vs. THE STATE use of JACOBS.

APPEAL from *Baltimore* County Court. Debt upon a guardian's bond, executed on the 5th of November 1803 to the state, by *William C. Cockran*, with *Thomas Dewet*, and the testator of the defendants, (now appellants,) as his sureties, conditioned that *Cockran*, as guardian of *Rachel, John, Sarah, Michael, Charlotte* and *Juliet Jacobs*, should faithfully account, &c. in the usual form. The defendants pleaded that *Cockran* paid to *John Jacobs*, (the person for whose use the action was brought,) after he attained the age of 21 years, to wit, on, &c. the whole sum of money which the said *J. Jacobs* was entitled to have and receive from the said *Cockran*, as guardian aforesaid, and did in all respects perform the duty of guardian to the said *J. Jacobs* according to law, &c. They also pleaded *plene administravit*. The replication to the first plea, protesting that *Cockran* did faithfully account, &c. in the words of the condition of the bond, assigned for breach that *J. Jacobs*, mentioned in the condition of the bond, before the impetration of the writ original in this cause, to wit, on, &c. attained the age of 21 years, and that upon a final settlement of the estate of the said *J. Jacobs*, at the time of his arrival at the age of 21 years, there was due to him from *Cockran*, as guardian of the said *J. Jacobs*, the sum of $600; nevertheless *Cockran*, although thereunto requested, had not paid and delivered over the said sum of, &c. to the said *J. Jacobs;* and so the said state saith, that *Cockran* had not performed the duty of guardian to the said *J. Jacobs*. All which, &c. General replication was replied to the second plea, and issue joined. To the replication to the first plea the defendants rejoined that *Cockran* did faithfully account, &c. in the words of the bond. And that upon a final settlement of the said estate, at the time of the arrival of the said *J. Jacobs* at the age of 21 years, the sum of $600 was not due to him by the said *Cockran*, nor was any part thereof due by *Cockran*, as guardian to the said *J. Jacobs*, in manner and form, &c. To this rejoinder there was the general surrejoinder and an issue. At the trial of the cause the defendants, in order to support the issue joined to the plea of *plene administravit*, offered in evidence the final settlement of their accounts with the orphans court of *Baltimore* county, showing, that as executors of their testator they had overpaid the estate $801 03. And also the order of the orphans court directing them as executors, &c. to give notice to the creditors of the deceased to exhibit their claims and debts. They further gave in evidence, that publication was made by them in the public newspapers in the city of *Baltimore*, in conformity with the said order; and that the whole of the assets, as returned by them to the orphans court, was duly paid and distributed among the creditors whose claims had been exhibited to them. And it did not appear from any evidence, that the defendants had any

knowledge of the existence of the claim of *J. Jacobs*, or that the same had in any way been notified to them before the distribution of the assets as above mentioned. The plaintiff, in order to disprove the plea so pleaded by the defendants, offered in evidence a lease duly executed, acknowledged and recorded, from *P. Diffenderffer* to the defendants' testator, dated the 28th of December 1803, for a lot of ground in the city of *Baltimore*, and therein described, at the annual rent of $480 for 99 years renewable forever, with the usual clause of a right to re-enter on non-payment of the rent. But the defendants objected to the reading in evidence this lease for the purposes for which it was offered, as the same was not returned in the inventory exhibited by them to the orphans court of the personal estate of the testator, nor was there any notice given by the plaintiff that it was intended to introduce evidence to show fraud, or want of truth in the said inventory. This objection the Court, [*Bland*, A. J.] overruled, and permitted the lease to be read to the jury. The defendants excepted; and the verdict and judgment being for the plaintiff, they appealed to this court.

The cause was argued before CHASE, Ch. J. and EARLE, JOHNSON, and MARTIN, J.

*Williams* and *R. Johnson*, for the Appellants. 1. The lease not being returned in the inventory was not evidence. 2. Without other proof it was not evidence. They referred to the act of 1798, *ch.* 101, *sub ch.* 6, *s.* 6, 13, and *sub ch.* 8, *s.* 15. *Buckley vs. Pirk*, 1 *Salk.* 72; and *Toller* 141.

*Winder*, for the Appellee.

JUDGMENT AFFIRMED.